## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAY COATE,<br>Individually and on behalf of all others<br>similarly situated<br><br>*Plaintiff*,<br><br>v.<br><br>K.B. SAND, INC., CHANCE MITCHELL,<br>and HALEY MITCHELL<br>*Defendants.* | § § § § § § § § § § § § | Civil Action No. CIV-17-333-M<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

Ray Coate brings this action individually and on behalf of all current and former drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Defendants K.B. Sand, Inc., Chance Mitchell, and Haley Mitchell (hereinafter "Defendants"), at any time during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1     This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2     Plaintiff and the Putative Class Members are those persons who worked for Defendants within the last three years.

1.3     During this time, Plaintiff and the Putative Class Members were non-exempt drivers who were paid an hourly rate and no overtime compensation.

1.4     Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek.

1.5     Plaintiff and the Putative Class Members were not paid overtime for any hours worked in excess of forty (40) hours per workweek.

1.6     The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.7     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for any hours worked in excess of forty (40) hours per workweek.

1.8     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or any other applicable law.

1.9     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.10    Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Ray Coate ("Coate") worked for Defendants within the meaning of the FLSA within this judicial district and within the relevant three-year period. Plaintiff Coate did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

2.2     The Putative Class Members are those current and former workers who were employed by Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Coate worked and was paid.

---

[1] The written consent of Ray Coate is attached hereto as Exhibit "A."

2.3     K.B. Sand, Inc. ("KB Sand") is an Oklahoma for profit corporation, having its principal place of business in Yukon, Oklahoma. K.B. Sand, Inc. may be served through its registered agent for service, Chance Mitchell, at 6525 S. Cimarron Road, Yukon, Oklahoma 73099.

2.4     Chance Mitchell ("C Mitchell") is an employer as defined by 29 U.S.C. § 203(d) and, along with KB Sand, and Haley Mitchell, employed or jointly employed Plaintiff and the Putative Class Members.  Chance Mitchell is an individual resident of Canadian County, Oklahoma and may be served at 6525 S. Cimarron Road, Yukon, Oklahoma 73099.

2.5     Haley Mitchell ("H Mitchell") is an employer as defined by 29 U.S.C. § 203(d) and, along with KB Sand, and Chance Mitchell, employed or jointly employed Plaintiff and the Putative Class Members. Haley Mitchell is an individual resident of Canadian County, Oklahoma and may be served at 6525 S. Cimarron Road, Yukon, Oklahoma 73099.

### III.
### JURISDICTION & VENUE

3.1     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq*.

3.2     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District.

3.3     Venue is proper in the Western District of Oklahoma because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4     Specifically, KB Sand maintains its principal place of business in Yukon, Oklahoma, which is located in this District, and the individual defendants Chance Mitchell and Haley Mitchell, reside within this District.

3.5     Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

# IV.
# FLSA COVERAGE

4.1 At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2 At all times hereinafter mentioned, KB Sand has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3 At all times hereinafter mentioned, KB Sand has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4 During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5 In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6 Specifically, Plaintiff and the Putative Class Members are (or were) non-exempt employees of Defendants who are (or were) drivers responsible for handling or otherwise working on goods or materials that had been moved in or produced for commerce. 29 U.S.C. § 203(j).

4.7	At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8	The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all current and former drivers who worked for K.B. Sand, Inc., Chance Mitchell, and Haley Mitchell, at any time during the last three years, and were not paid overtime."

4.9	The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

## V.
## FACTS

5.1	KB Sand is a trucking company that is owned and operated by C Mitchell and H Mitchell. It is based out of Yukon, Oklahoma, and provides local sand, rock, gravel, and asphalt hauling and delivery services for clients in the State of Oklahoma.

5.2	To provide these services, Defendants employed numerous commercial drivers to deliver goods to their clients in the State of Oklahoma.

5.3	Plaintiff Coate and the Putative Class Members neither crossed state lines nor transported goods in the stream of commerce. Instead, Plaintiff and the Putative Class Members operated in the state by picking up goods that originated in Oklahoma and delivering those goods to Oklahoma clients for use in Oklahoma.

5.4	Plaintiff Coate was employed by Defendants from approximately March 2016 through March 2017.

5.5	Defendants paid Plaintiff and the Putative Class Members an hourly rate and did not provide any overtime compensation for the hours Plaintiff and the Putative Class Members worked over forty in a workweek.

5.6     Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week. Specifically, Plaintiff and the Putative Class Members usually worked fifty-five (55) to sixty (60) hours a week.

5.7     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

5.8     Defendants did not pay any overtime at all for work in excess of forty (40) hours per week.

5.13    Accordingly, Defendants' pay policies and practices violated (and continue to violate) the FLSA.

## VI.
## CAUSES OF ACTION

**A.  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1     Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2     Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3     Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4     Defendants are sophisticated parties and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5     Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6     The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7     Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B.     COLLECTIVE ACTION ALLEGATIONS**

6.8     Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff Coate.

6.9     Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10    The Putative Class Members are "all current and former drivers who worked for K.B. Sand, Inc., Chance Mitchell, and Haley Mitchell at any time during the last three years, and were not paid overtime."

6.11    Defendants' systematic failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12    Thus, Plaintiff Coate's experiences are typical of the experiences of the Putative Class Members.

6.13    The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14 All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15 Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are non-exempt, blue-collar drivers entitled to overtime after forty (40) hours in a workweek.

6.16 Defendants employed a substantial number of drivers in the State of Oklahoma during the past three years.

6.17 Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations of federal wage and hour laws.

6.18 Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19 Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL CURRENT AND FORMER DRIVERS WHO WORKED FOR K.B. SAND, INC., CHANCE MITCHELL, AND HALEY MITCHELL AT ANY TIME DURING THE PAST THREE YEARS, AND WERE NOT PAID OVERTIME.**

## VII.
## RELIEF SOUGHT

7.1 Plaintiff respectfully prays for judgment against Defendants as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c. For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e. For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order awarding Plaintiff a service award as permitted by law;

i. For an Order compelling the accounting of the books and records of Defendants; and

j. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Noble K. McIntyre*
**Noble K. McIntyre**
Oklahoma Bar No. 16359
noble@mcintyrelaw.com
**MCINTYRE LAW PC**
8601 S. Western Avenue
Oklahoma City, Oklahoma 73139
Telephone: (405) 917-5250
Facsimile: (405) 917-5405

/s/ *Clif Alexander*
**Clif Alexander** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson** *(Pro Hac Vice Forthcoming)*
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON2X, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**